

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 13, 1959

Hon. V. L. Ramsey
Chairman, Revenue &
  Taxation Committee
House of Representatives
State of Texas
Austin, Texas

Opinion No. WW-571

Re:  Constitutionality of sub-
section (2)(b) of Section
12.02 of House Bill Number
33.

Dear Mr. Ramsey:

We quote from your opinion request as follows:

"The committee requests to be advised on the question as
to whether the Legislature may constitutionally delegate
to the Secretary of State the power to determine whether
a corporation's accounting system is acceptable for
allocation purposes as is provided in Subsection (2)(b)
of Section 12.02 of the Bill /H. B. 33_7."

You are advised that the delegation of power in question
is constitutional.

Article 1, Section 28, of the Texas Constitution prohibits
the exercise of the power of suspension of any law except by
the Legislature; Article 2, Section 1, requires a separation of
powers between the three departments of government.

In construing these two provisions, the courts have formu-
lated the following rules for testing the constitutionality of
a delegation of power by the Legislature:

1.  The power delegated must be subject to exercise by the
executive or administrative agency only within limits pre-
scribed by the Legislature. Moody v. City of University Park,
278 S.W. 2d 912 (Tex.Civ.App. 1955, Ref. n.r.e.); Ex Parte
Salcido, 153 Tex. C.R. 160, 218 S.W. 2d 467 (1949); Ex Parte
Ferguson, 112 Tex. Cr. R. 152, 15 S.W. 2d 650 (1929); see
also Panama Refining Co. v. Ryan, et al, Amazon Petroleum
Corporation, et al v. Same, 55 S. Ct. 241, 293 U.S. 388, 79 L.
Ed. 446 (1935).

2.  Legislation which delegates power to an administrative
or executive officer to be exercised as that officer, in his
discretion, may arbitrarily choose, without setting forth a
guide or "sufficient standard" to govern the exercise of such

power, is unconstitutional and void. Moody v. City of University Park, supra; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W. 2d 1022 (1942). See also Margolin v. State, 151 Tex. C.R. 132, 205 S.W. 2d 775, (1947).

3. The standard prescribed by the Legislature to guide the exercise of the delegated power may be general and still be valid if it is susceptible of reasonable application. Moody v. City of University Park, supra; see also Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W. 2d 177 (1953); and Reagan County Purchasing Co., Inc. v. State, 110 S.W. 2d 1194 (Tex.Civ.App. 1937, error ref.).

The portions of Section 12.02 of House Bill 33 relevant to this opinion are as follows:

"(2) Any corporation engaged in finance, investment, construction or public utilities activities may, in lieu of the allocation formula in Section (1) of this Article, allocate to Texas that portion of its entire stated capital, surplus and undivided profits, plus the amount of outstanding bonds, notes and debentures as defined in this Article which separate accounting indicates is properly attributable to business done in Texas.

"Provided, however, that to be eligible for allocation under the premises of this section, each corporation must:

"(a). . .

"(b) Secure from the Secretary of State advance written approval certifying that the corporation's accounting system is acceptable for allocation purposes. As a pre-requisite for granting such approval the Secretary of State may require the corporation to submit to him any and all relevant information regarding its accounting system in such form as the Secretary of State may direct."

Pursuant to the foregoing provisions the Secretary of State is charged with the ministerial duty of certifying his written approval of separate accounting systems. This necessarily calls for an administrative determination of fact. Delegation of the power to make a determination of fact is not unconstitutional. Texas Pipeline Company v. Anderson, 100 S.W. 2d 754 (Tex.Civ.App. 1937, error ref.; cert. dn. 58 S.Ct. 45); see also Gillaspie v. Department of Public Safety and Reagan County Purchasing Co., Inc. v. State,

supra. In the instant case the determination must be made according to a well defined standard, i.e. whether or not the accounting system in question discloses the amount of entire stated capital, surplus, undivided profits, outstanding notes, bonds, and debentures attributable to business done in Texas. No discretion is given to the Secretary of State to refuse certification of approval of any separate accounting system which conforms to this standard; nor is he given any discretion to approve a separate accounting system that does not conform to the standard. It is apparent, therefore, that the power of approval delegated to the Secretary of State by the Legislature meets the tests of constitutionality set forth above.

Ancillary to the power of approval, and to facilitate the making of the fact determination, the Secretary of State is given the power to require any and all relevant information concerning the separate accounting system in question. This power is one that is necessary in order for the Secretary to make a decision as to whether a corporation is entitled to pay its franchise tax according to its separate accounting system. It is implicit in the Bill that the Secretary of State can not use the power arbitrarily or in such manner as to cause disapproval of a separate accounting system which conforms to the standard set forth in the Bill. We therefore hold that the delegation of this power does not violate the tests of constitutionality set forth above.[1]

## SUMMARY

The power of the Secretary of State to approve separate accounting systems is a ministerial function to be exercised according to a well defined standard; the power to require submission of information by a corporation concerning its separate accounting system is necessary to the effective administration of the Bill and can not be arbitrarily used by the Secretary of State. Therefore Section 12.02 Subsection (2)(b) of House Bill

---

[1] The power of the Secretary of State to determine the form in which information from a corporation should be submitted in order to calculate such corporation's franchise tax was specifically upheld in Houston Oil Company of Texas v. Lawson, 175 S.W. 2d 716 (Tex.Civ.App., 1943).

33 does not violate the constitutional pro-
hibition against delegation of power by the
Legislature.

Yours very truly,

WILL WILSON
Attorney General

By Jack N. Price
Jack N. Price
Assistant

JNP:bct

APPROVED

OPINION COMMITTEE

George P. Blackburn, Chairman

Charles Cabiness
Leonard Passmore
C. Dean Davis
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
By
    W. V. Geppert